2026 IL App (1st) 250126-U

FOURTH DIVISION
Order Filed: March 31, 2026

No. 1-25-0126

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| ALEXANDER FLINT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 L 5965 |
| | ) | |
| TRANE COMMERCIAL HVAC, | ) | Honorable |
| | ) | Mary Colleen Roberts, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE LYLE delivered the judgment of the court.
Justices Ocasio and Quish concurred in the judgment.

ORDER

¶ 1    *Held*:   The circuit court did not err by dismissing the plaintiff's complaint.

¶ 2    On October 25, 2024, plaintiff-appellant, Alexander Flint, proceeding *pro se*, filed his second amended complaint alleging breach of contract and breach of oral agreement against defendant-appellee, Trane Commercial HVAC[1] (Trane). Trane filed a motion to dismiss, which

---

[1] We note that the appellee's brief states that the appellee was incorrectly sued as Trane Commercial HVAC instead of its legal name of Trane U.S. Incorporated. We will use the name used in the caption of the original complaint for consistency.

the trial court granted. On appeal, Mr. Flint argues that the trial court erred by dismissing his complaint since he had valid contracts. For the reasons that follow, we affirm the judgment of the circuit court of Cook County.

¶ 3                                    BACKGROUND

¶ 4      On June 12, 2023, Mr. Flint filed a complaint for breach of contract and breach of oral agreement against Trane and certain management employees within the company; namely Donny Simmons, Nick Hinz, Michael Abbot, and Claudia Hurt.[2] The complaint stated Mr. Flint worked in commercial fabrication and demolition when he received a phone call about inspecting a refrigerant pump and piping on an Absorption Liquid Chiller in Winston Tower # 5. According to the complaint, after the inspection, Larry Schwartz, the building manager, asked Mr. Flint if he could bring in a contractor to install a temporary chiller, and Mr. Flint reached out to Trane for the project. Trane and Mr. Flint entered into a "Finders Fee Agreement." The agreement stated:

> "Trane Commercial agrees to pay Alexander M. Flint, an individual, a finder's fee for the temporary installation of a chiller unit and a replacement unit on the property located at 7141 N. Kedzie Ave. Chicago Illinois Winston Tower # 5 in the amount of 18% of the total billing cost. Trane agrees to pay Alexander Flint within 30 business Days after being paid by Winston Tower #5 for their services. This Agreement is good for 24 Months after the effective date."

_____

[2] On March 20, 2024, Mr. Simmons, Mr. Hinz, Mr. Abbot, and Ms. Hurt were removed as parties to the litigation pursuant to Supreme Court Rule 103(b) (eff. July 1, 2007).

The complaint also alleged that he entered into an oral agreement with Trane, wherein if Trane was awarded the contract with Winston Tower #5, they would hire him for the demolition part of the project.

¶ 5     Mr. Flint organized a meeting between Trane and the building manager, Mr. Schwartz. On August 20, 2021, Mr. Schwartz called Mr. Flint stating that Trane was trying to speak to him about reducing the cost on his demolition portion of the project. Mr. Flint spoke to a representative of Trane who asked if he was a union employee and when Mr. Flint said he was not, the Trane representative said they could not hire him. Mr. Flint attempted to contact multiple people involved with the project to reinstate the written and oral agreements, but each of them said that Trane signed an agreement with a union so they could only hire union workers. The breach of contract count was based on the finder's fee agreement, and the breach of oral agreement count was based on the agreement to hire Mr. Flint to complete the demolition portion of the temporary chiller replacement project. The complaint requested $300,000 plus interest for the breach of contract claim and $126,000 plus interest for the breach of oral agreement claim. Mr. Flint did not explain how he calculated the requested amounts.

¶ 6     On April 10, 2024, Trane filed a motion to dismiss, which the trial court granted. In the order, it stated that Mr. Flint failed to plead sufficient facts to support both counts of his complaint because while he alleged an amount of monetary damage, he failed to allege facts to support that amount. The trial court gave him an opportunity to amend his complaint to address that issue.

¶ 7     On August 21, 2024, he filed his first amended complaint, which was essentially the same complaint but changed the amount of monetary damages requested. On September 13, 2024, Trane filed another motion to dismiss, which was granted based on the same grounds as the previous

order dismissing the case. On October 25, 2024, Mr. Flint filed his second amended complaint, which included some additional facts but nothing about how the requested damages were calculated. On November 20, 2024, Trane filed a motion to dismiss the second amended complaint. On December 30, 2024, the trial court granted the motion to dismiss with prejudice. On January 22, 2025, Mr. Flint filed his notice of appeal.

¶ 8                                    ANALYSIS

¶ 9     We note that we have jurisdiction to consider these matters, as Mr. Flint filed a timely notice of appeal following the trial court's judgment. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

¶ 10     Mr. Flint generally argues that the parties created a verbal contract and a written contract.

¶ 11     Notably, Mr. Flint does not include a statement of facts in violation of Illinois Supreme Court Rule 341(h)(6) (Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020)). A statement of facts "shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6).

¶ 12     This court will not be more lenient with *pro se* litigants, who must comply with the same rules of procedure as other litigants. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 45. Supreme court rules are not mere suggestions, and we may strike a brief and dismiss an appeal for failure to comply with the rules. *North Community Bank v. 17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 14. Trane has filed a motion to strike appellant's brief as well. While grounds exist to strike the brief and granting the motion is within our discretion

(*Gillard*, 2019 IL App (1st) 182348, ¶ 45), we choose to deny the motion and not impose that harsh sanction here.

¶ 13    A motion to dismiss pursuant to Section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2022)) "attacks the legal sufficiency of a complaint by alleging defects appearing on the face of the complaint." *Palmolive Tower Condominiums, LLC v. Simon*, 409 Ill. App. 3d 539, 546 (2011). The motion should be granted if the complaint does not allege sufficient facts to state a cause of action. *Palmolive Tower Condominiums, LLC*, 409 Ill. App. 3d at 546. "A legally sufficient claim for breach of contract or fraud must allege the existence of damages." *Palmolive Tower Condominiums, LLC*, 409 Ill. App. 3d at 546. The plaintiff "must establish an actual loss or measurable damages resulting from the breach in order to recover." *Avery v. State Farm Mutual Automobile Insurance Company*, 216 Ill. 2d 100, 149 (2005). A challenge to a section 2-615 motion to dismiss is reviewed *de novo*. *Palmolive Tower Condominiums, LLC*, 409 Ill. App. 3d at 546.

¶ 14    Here, Mr. Flint did not allege what damages he incurred or how the monetary value that he alleged was calculated. As a result, we are left to speculate about damages from the alleged breach of the contract such as how much Trane was paid for its contract with the building and what Mr. Flint was entitled to receive, assuming the validity of the contract. Moreover, Mr. Flint does not allege any lost business or financial opportunities due to his inability to complete the demolition work on the building project. Without that information, he cannot establish measurable damages on either claim. Mr. Flint's argument misses the point since the question is not whether a valid contract was created but what damages he sustained from the breach of contract even if the contract was valid. He did not establish damages so there is no need to look at whether a valid contract was

formed. As a result, he failed to effectively present sufficient facts to state a claim, and the trial court did not err by dismissing the complaint.

¶ 15                                CONCLUSION

¶ 16    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 17    Affirmed.